KATHRYN F. McCANN, ADMINISTRATRIX AD PROSEQUEN-
DUM OF L. LLOYD McCANN, PLAINTIFF-RESPONDENT,
v. NEW YORK, SUSQUEHANNA AND WESTERN RAIL-
ROAD, COMPANY, DEFENDANT-RESPONDENT.

Argued November 6, 1924—Decided January 29, 1925.

1. The court will not exercise the discretion it possesses under the Practice act of suspending the application of rule 214, which declares that a rule granted by the court or a justice thereof shall be void unless entered within ten days from the granting of the same, where the failure to enter the rule is due to negligence of the party obtaining it.
2. An appeal from an order made in a cause by a justice of the Supreme Court will not be considered by the court when the pending suit in which the order was made has ceased to exist; and this is so, whether the appeal be treated as a review of the action of one of the members of the court, or as a renewed application for relief made to it.
3. Whether an appeal will lie to the Supreme Court from an order made by a single justice thereof, *quære?*

Before Justices TRENCHARD, MINTURN and LLOYD.

For the appellant, Elia Stagg, *Kent & Kent*.

For the plaintiff, *Edward F. Merrey*.

For the defendant, *Collins & Corbin*.

The opinion of the court was delivered by

LLOYD, J. These cases are before us under the same title, two of them on motions to dismiss the appeal; the third

presents the appeal itself. The appeal is from an order of Mr. Justice Minturn, made in the Supreme Court, denying to the appellant, Ella Stagg, the right to have her name inserted in the complaint of the above-entitled cause as one of the next of kin (mother) of L. Lloyd McCann, who died as the result of injuries received on January 1st, 1922, and claimed to have been caused by the negligence of the defendant railroad company.

The motions to dismiss are made, one by the plaintiff and the other by the defendant, in said action.

First taking up the motions to dismiss the appeal, inasmuch as, if they are determined adversely to the appellant, consideration of the merits of the appeal itself becomes unnecessary, we find that on June 12th, 1923, Mr. Justice Minturn filed a memorandum stating that "the rights of any of the claimants of the estate of the deceased must be settled upon the administration of the estate or upon a bill in equity, and not upon this proceeding." The petitioner then proceeded by bill in Chancery to obtain the relief sought before Mr. Justice Minturn, and the case in that court was so far proceeded in that a decree denying the application was filed, and from this decree the petitioner appealed to the Court of Errors and Appeals, which court affirmed the decree of the Court of Chancery, but solely on the ground of want of jurisdiction, that court not passing upon the merits of the case.

In the meantime, no actual order was signed under the memorandum filed by Mr. Justice Minturn in the Supreme Court, but on June 11th, 1924, counsel for Mrs. Stagg obtained from Mr. Justice Minturn an order denying the application of Ella Stagg to have her name added as one of the heirs-at-law of the deceased, L. Lloyd McCann, and dating it June 12th, 1923. This order was filed in the Supreme Court on June 11th, 1924, and on the same day the petitioner filed an appeal to this court. In the meantime, the litigation between Kathryn F. McCann, as administratrix, and the New York, Susquehanna and Western Railroad Company, was terminated by settlement between the parties and the entry of discontinuance in the cause.

The motions to dismiss the appeal as made by both the defendant and the plaintiff in this action are rested upon three grounds—(1) that the order made by Mr. Justice Minturn was not entered within ten days as required by rule 214, which requires that "all rules, whether granted by the court or a justice, shall be entered in the minutes within ten days from the granting of the same, and in default thereof shall be of no effect"; (2) that if the order speaks as of the time when it was actually signed, viz., June 11th, 1924, there was no cause pending between the parties, and the court was without jurisdiction to make any order therein; (3) that the order having been made by a justice of the Supreme Court, it became the order of the court itself, and from it no appeal could be taken except to the Court of Errors and Appeals; that while the Supreme Court could hear a renewed application, notwithstanding the rule of a single justice under the case of Key *v.* Paul, yet no review by appeal from the action of the single justice could be had in the court itself.

Taking up the grounds of the motion to dismiss as presented, we find that if the order of Mr. Justice Minturn is to speak as of the 12th day of June, 1923, which it must (*Seyfert* v. *Edison,* 45 *N. J. L.* 304), the failure to enter it for a period of nearly one year thereafter, in compliance with the rule above quoted, rendered the order null and void, unless the court shall see fit, in its discretion, under the Practice act of 1912, to suspend the application of the rule and sanction the filing as of a later date. That it has the power to do so is not open to question under the Practice act and the decision of this court in the case of *Singer* v. *Juechter,* 2 *N. J. Mis. R.* 714, but the question presents itself whether the court should exercise in this case the power it possesses. In the case last cited the operation of the rule was suspended because the failure to file the order was not that of the complaining party, but of an officer of the court. In the present case the situation is wholly different. The appellant, instead of filing the order promptly and seeking a review of Mr. Justice Minturn's decision, allowed a whole year to elapse,

and the parties to the principal litigation were permitted to settle their controversy and discontinue the action with the sanction of the court. It is true the appellant's position has been a trying one. Passed on from one court to another, and, finally, to be told that she was in the wrong court at last, she has, perhaps, not known whither to turn for effective relief, but this cannot justify the failure to properly have the order made and filed and thereby apprise the parties to the cause that there was possible litigation arising from the order which they must yet meet and for which they must be prepared, and, that if they settled the cause with such litigation threatened, they would do so at their peril. But this was not done. The action of Mr. Justice Minturn was allowed to sleep, and the parties to the cause, believing themselves unfettered by any pending proceeding other than that embraced in the Chancery case then on appeal, permitted to rest under the assumption that it was terminated and ended. In the faith of this state of affairs they proceeded to the settlement which had taken place and discontinued the action. We, therefore, do not see our way clear to give the status to the order dated June 12th, 1923, as an order entered within the time required by the rule of court.

Upon the second point, if the order is to speak in its entirety as of June 12th, 1924, we think it quite clear that the court is powerless to take cognizance of the appeal, because it is now academic and involves no matter in a pending cause. The court cannot consider an appeal to it in a cause which had ceased to exist when the order was made, whether that appeal be for a review of the action of one of its members or as a renewed application to this court. Just what the status of Mr. Justice Minturn's order may have been is, perhaps, not clear. Section 31 of the Practice act of 1912 provides that, "subject to rules, any order or leave herein authorized to be made or given by the court may be made or given by a judge of the court in which the action is pending." Section 2 of the schedule of rules prescribed by the act provides that "any order or leave herein authorized to be made or given by the court may be made by one justice or judge thereof."

Undoubtedly, the court itself had power to pass upon the application of the petitioner. Having such power under the statute and rule above enunciated, it became inherent in the single justice. That his action is not conclusive on the court itself is apparent from the cases of *Key* v. *Paul,* 61 *N. J. L.* 134; *Van Hoogenslyn* v. *Railroad,* 90 *Id.* 189, and *Stagg* v. *McCann,* 96 *N. J. Eq.* 327. Whether the technical form be by appeal or by renewed application is not essential for the purposes of this case to be determined. Much can be said for the view that where he proceeds under the statute and the rule, that he is acting for the court itself and subjects the order made only to revision or reconsideration by the court itself, and not by appeal, for it would be an anomolous situation that an appeal should lie from the court to itself. Rather, it would appear that the appropriate remedy in this court should be a renewed application to the court for the relief which had been denied at the hands of one of its members. Passing this question, however, we conclude that the order appealed from not having been entered in the time required by the rules of the court, was null and void, and that there was nothing upon which an appeal could be based; and, further, that if the appeal be regarded as a renewed application to the court, or that the rule taken speaks as of the time it was actually signed and entered, it was purely academic, there being then no cause pending in this court.

In this view of the case we pass no opinion on the fundamental question involved in the order and in the appeal to this court as to whether Ella Stagg had such an interest as to entitle her to be named in the complaint filed in the cause.

The motions to dismiss are allowed.